UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:05CV574-F |
| ) | |
| ROBERT F. DENMAN, ) | |
| ROBERT ERIK DENMAN, and ) | |
| RICHARD PARRISH, ) | |
| ) | |
| Defendants. ) | |

## RESPONSE BY THE UNITED STATES TO ORDER TO SHOW CAUSE AND UNITED STATES' MOTION TO ENLARGE TIME

The United States filed its complaint in this suit on June 15, 2005. On January 5, 2006 the Court entered an Order to Show Cause directing the United States to show cause "why this action should not be dismissed as to defendant Richard Parrish for failure to effect service within 120 days as required by Fed. R. Civ. P. 4(m)." The United States responds to the Court's Order to Show Cause as follows:

In the interest of judicial economy, defendant Richard Parrish should not be dismissed for failure to effect service within 120 days as required by Fed. R. Civ. P. 4(m). Instead, the United States requests that the Court direct the United States to serve defendant Richard Parrish within 60 days from the date of an order granting the United States additional time to serve Mr. Parrish. Under Fed. R. Civ. P. 4(m), "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court...shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Therefore, if Mr. Parrish were dismissed from this suit, it would be without prejudice.

Since Mr. Parrish, upon information and belief, possesses a leasehold interest in the property that the United States is seeking to foreclose, he is a necessary party to this lawsuit, and his presence in the suit is at least in part a protection for him. Therefore, if Mr. Parrish were dismissed from this suit, the United States would need to file another complaint against Mr. Parrish and then file a motion to consolidate the instant case with the case against Mr. Parrish. To prevent the Court from having to deal with this extra complaint and motion, the United States requests that the Court direct the United States to serve defendant Richard Parrish with a complaint and summons in the above-referenced case within 60 days from an order granting the United States additional time to serve Mr. Parrish.

This case was handled by a Department of Justice attorney who has since left the Department of Justice. The prior Department of Justice attorney focused her time trying to reach a settlement of this case that has not come to fruition. After the 120-day period for service of the summons and complaint had expired, the undersigned attorney was assigned to this case. It had not been made clear by the former Department of Justice attorney that the United States had not executed service of the summons and complaint upon Mr. Parrish.

For the above reasons, the United States moves for an order granting the United States an additional 60 days from the date of such order to serve Mr. Parrish with a summons and complaint.

Respectfully submitted,

LEURA GARRETT CANARY
United States Attorney for the Middle
District of Alabama

By: /s/ James T. Lyons
JAMES T. LYONS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5880
Facsimile: (202) 514-9868
New York Bar Number 3933868

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Steven R. Morris, attorney for Robert Erik Denman. I also hereby certify that service of the foregoing has been made by depositing a copy in the United States mail, by first class postage prepaid, addressed to the following:

Mr. Robert F. Denman
2020 Killarney Drive
Winter Park, FL 32789