UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No. 3:05CV574-WKW-SRW |
| | ) |
| **ROBERT F. DENMAN, ET AL,** | ) |
| | ) |
| **Defendants.** | ) |

### REPLY TO ROBERT E. DENMAN'S COUNTERCLAIM

The plaintiff/counter-defendant, the United States of America, by and through undersigned counsel, in response to defendant/counter-plaintiff Robert E. Denman's Counterclaim, admits, denies and alleges as follows:

FIRST DEFENSE TO ROBERT E. DENMAN'S COUNTERCLAIM

Robert E. Denman fails to assert a jurisdictional basis for his counterclaim. To the extent Robert E. Denman's assertion that the United States is not entitled to an order from this Court that the real property at issue be sold constitutes part of his counterclaim, such an assertion is not properly made by way of a counterclaim but is merely a defense to the United States' action. To the extent Robert E. Denman's request for the Court to order the severing and sale of the life estate interest of Robert F. Denman constitutes part of his counterclaim, Robert E. Denman has not asserted a jurisdictional basis for that aspect of his counterclaim, and there is no basis for such relief. To the extent Robert E. Denman's request for the Court to award attorney's fees constitutes part of his counterclaim, Robert E. Denman has not asserted a jurisdictional basis for that aspect of his counterclaim, and that request is not properly made by a counterclaim. Moreover, the United States denies that Robert E. Denman is entitled to attorney's fees in this

action. Therefore, this Court is without subject matter jurisdiction with respect to Robert E. Denman's counterclaim.

SECOND DEFENSE TO ROBERT E. DENMAN'S COUNTERCLAIM

In response to the numbered allegations of Robert E. Denman's answer that is denominated as a counterclaim, the United States replies as follows:

1. As to paragraph 1 of Robert E. Denman's counterclaim, the United States denies that Defendant Robert Erik Denman has title in fee simple, but instead has a remainder in fee simple, because Robert F. Denman has a life estate.

2. As to paragraph 2 of Robert E. Denman's counterclaim, the United States admits.

3. As to paragraph 3 of Robert E. Denman's counterclaim, the United States admits that Robert F. Denman's life estate in said real property terminates at Defendant Robert F. Denman's death, but points out that Robert F. Denman takes title in fee simple if Robert E. Denman predeceases Robert F. Denman and Robert E. Denman has no legitimate children.

4. Anything not specifically admitted herein is denied.

WHEREFORE, the United States requests that Robert E. Denman's counterclaim be dismissed, and that this Court grant such other relief as is just and proper.

        Respectfully submitted,

        LEURA GARRETT CANARY
        United States Attorney

By:   /s/ James T. Lyons
       JAMES T. LYONS
       Trial Attorney, Tax Division
       U.S. Department of Justice
       P.O. Box 14198
       Ben Franklin Station
       Washington, D.C. 20044
       Telephone: (202) 514-5880
       Facsimile: (202) 514-9868
       New York Bar Number 3933868

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Steven R. Morris, attorney for Robert Erik Denman.  I also hereby certify that service of the foregoing has been made by depositing a copy in the United States mail, by first class postage prepaid, addressed to the following:

      Mr. Robert F. Denman
      2020 Killarney Drive
      Winter Park, FL 32789

      /s/ James T. Lyons
      JAMES T. LYONS
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 14198
      Ben Franklin Station
      Washington, D.C. 20044