UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES of America ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case No. 3:05-cv-574 WKW |
| ) | |
| Robert F. DENMAN, et als ) | |
| ) | |
|     Defendants ) | |

**AMENDED ANSWER**

Comes now Defendant Robert Erik Denman and amends his Answer in this cause by raising an issue permitted by FED. R. CIV. P. 12(h)(2), that the complaint fails to state a claim upon which relief can be granted, and certain affirmative defenses, so that his answer reads as follows:

1.    Defendant Robert Erik Denman admits all allegations contained in the Plaintiff's complaint, except that he denies the allegation of Paragraph 8 that the assessments against Defendant Robert F. Denman include an assessment for 1987 when, in fact, there was an assessment for 1997.

## FAILURE TO STATE A CLAIM

1. The complaint fails to state a claim upon which relief can be granted. The complaint fails to allege facts that would authorize the Court, in the exercise of its reasoned discretion, to force a sale of property belonging to an innocent non-liable remainder fee interest owner.

    A. The complaint fails to aver facts showing that the government would be prejudiced by a sale of the life interest only.

    B. The complaint fails to aver that Defendant Robert Erik Denman, the non-liable remainder fee interest holder, had no expectation that his separate remainder interest would be protected from a forced sale by the delinquent taxpayer's creditors.

    C. The complaint fails to aver facts showing that Defendant Robert Erik Denman will not suffer undercompensation as a result of a forced sale of the whole property.

    D. The complaint fails to aver facts showing that the character and value of the non-liable and liable interests in the property justify forcing a sale of the whole property, depriving an innocent non-liable owner of his interest in real estate in exchange for cash.

# AFFIRMATIVE DEFENSE

Comes now Robert Erik Denman and shows affirmatively that:

1.   There are no facts that would justify this Court, in the exercise of reasoned discretion, to force a sale of the fee simple interest in the property involved in order to attach the value of the life interest only.

   A.   The government's financial interest would not be prejudiced by selling the life interest only without affecting the interest of Defendant Robert Erik Denman, the non-liable remainder fee interest holder.

   B.   Defendant Robert Erik Denman, the non-liable remainder fee interest holder, has a reasonable expectation that creditors of his life tenant could not force him to sell his interest in the remainder.

   C.   A sale of the whole property will result in prejudice to Defendant Robert Erik Denman, a non-liable remainder interest holder due to undercompensation for the value of his remainder interest.

   D.   The relative character and value of the separate liable and non-lilable interests do not justify this Court in ordering a sale of the whole, rather than a sale of the life interest only.

# COUNTER-CLAIM

The Defendant Robert Erik Denman, realleges all averments and all allegations of Paragraph 1 of his answer as if fully set forth herein and would further state to this Court the following:

1. The Defendant Robert Erik Denman, has title in fee simple to the property in dispute by the will of Mrs. Penny H. G. Denman, deceased, filed for probate on the 23rd day of July, 2002, a copy of said will is incorporated by reference as Exhibit "A", attached to the original Answer to this Complaint.

2. Defendant Robert F. Denman holds merely a life estate interest in said property pursuant to the will of Penny H. G. Denman.

3. Defendant Robert F. Denman's life estate interest in said real property terminates at Defendant Robert F. Denman's death. Said life estate is a separate, severable interest in the property and is not part of the fee simple title of the subject property. Said life interest is severable under law and can be sold without affecting the Defendant Robert Erik Denman's fee simple ownership of the said subject property.

WHEREFORE, THESE PREMISES CONSIDERED, the Defendant Robert Erik Denman requests that the Court grant him the following relief:

A.  Deny the Plaintiff's request to sell the fee simple title to the property as this Defendant does not owe any taxes to the Internal Revenue Service or the United States of America.

B.  Require the Plaintiff to sell the life interest only of the subject property at public auction subject to the remainder interest of Defendant Robert Erik Denman.

C.  Award Plaintiff reasonable costs expended, including his costs of counsel, for defending Robert Erik Denman in this action, wherein Plaintiff sought to sell the Defendant Robert Erik Denman's fee simple interest in the subject property even though Defendant Robert Erik Denman owes no taxes and has no judgments against him.

D.  Such other relief that may be just and proper.

**/s/ James M. Sizemore, Jr.**
James M. Sizemore, Jr., Attorney for
Defendant Robert Erik Denman
792 Commerce Drive, Suite 104
Alexander City, AL  35010
**256/409-1985; Fax 256/409-1987**

**/s/ Steve R. Morris**
Steve R. Morris, Attorney for
Defendant Robert Erik Denman
Post Office Box 814
Wedowee, AL  36278
**256/357-9211; Fax 256/357-9222**

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 17th day of July, 2006, I served a copy of the foregoing **Amended Answer** with the Clerk of the Court using the CM/ECF system that will send notice to the following:

Honorable James T. Lyons, Esq.
james.t.lyons@usdoj.gov

Honorable Candice M. Turner
southern.taxcivil@usdoj.gov

                                        **/s/ James M. Sizemore, Jr.**
                                        James M. Sizemore, Jr., Of Counsel